Wright, J.,
delivered the opinion of the Court.
*331 The protest and notice, in this case, are sufficient to charge the endorsers, and were properly allowed to go to the jury. The only variance between them and the note sued on, is in the name of the last endorser; J. Gr. Shuhert being the last endorser on the note, and E. Z. Kimbresh being, by mistake, described as the last endorser in the protest and notice. In all other respects they agree: in the date and amount of the note — time and place of payment — and the names of the makers and two first endorsers. There was no other note to which the protest and notice could apply. The identity of the note described, with that sued on, could not be mistaken. It was, in truth, made out in the defendant’s proof. The law does not prescribe any form of notice to an endorser. It was sufficient to put the defendants on inquiry, and prepare them to pay the note, or defend. It is enough if the jury are satisfied that the notice refers to the same note in suit, and was so understood by the defendants. It was incumbent on them to show some uncertainty in the notice tending to mislead them; as other notes endorsed by them under similar circumstances. Rudy v. Seixos, 2 Johns. Cases, 337; 2 Greenl. Ev., sec. 189.
But the Circuit Judge erred in not leaving to the jury the question as to the identity of the note mentioned in the notice with that sued on; and, also, the question whether, notwithstanding the mistake, the plaintiffs in error had suubstantial notice as to what security it was intended to fix their liability by the notarial protest actually furnished them. Ross et al. v. The Planters’ Bank, 5. Hum., 335.
But this error does not go to the merits, and could not have injured the plaintiffs in error, as it is clear they had, under a proper charge, no valid defence. We, therefore, cannot reverse for it. Neddy et al. v. The State’s Lessee, 8 Yer., 249; Rosson v. Hancock, 3 Sneed, 434.
Affirm the judgment.